QUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DAVID BOSTWICK AND SHERYL BOSTWICK                               PLAINTIFFS

V.                                              CIVIL ACTION NO. 1:07CV942-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                              DEFENDANT

## ORDER

This case does not involve the usual wind v. water issues that play such a large part in other Hurricane Katrina litigation. There are four motions which are addressed in this order: Defendant State Farm Fire and Casualty Company's (State Farm) [45] Motion for Summary Judgment on the issue of the subject insurance policy's mold and neglect exclusion; State Farm's [47] Motion for Partial Summary Judgment as to the Plaintiffs' contents claim; State Farm's [58] Motion for Partial Summary Judgment as to punitive damages; and State Farm's [71] Motion to Strike Plaintiffs' [66] Response in Opposition to the [45] Motion for Partial Summary Judgment. The first three motions will be granted, and the fourth is moot.

The Complaint indicates that Plaintiffs are not making a claim under their insurance policy for mold. *See* ¶ 9. This is confirmed by their [66] response to the motion for partial summary judgment:

> Plaintiffs are not entitled to payment of mold and mildew damages under the insurance contract, because the insurance contract does not provide for mold and mildew coverage. However, plaintiffs contend that the growth of mold and mildew is a reasonably foreseeable consequence of defendant's failure to perform under the contract and, therefore, plaintiffs are entitled to collect damages for mold and mildew if plaintiffs can demonstrate that State Farm's original breach of contract involved the type of fault which would entitle plaintiffs to consequential damages . . . .

Plaintiffs offer a similar argument on the contents claim. Plaintiffs concede that the $19,666.54 that State Farm paid for personal property loss as a result of Hurricane Katrina "was a reasonable and sufficient amount," but Plaintiffs allege that they are entitled to compensation for mold and mildew damage to the new furniture and appliances that they purchased after the storm.

State Farm also tendered Plaintiffs $36,563.77 for structural damage. Plaintiffs' mortgage company was made a payee on this check (Plaintiffs do not charge that this was improper), and Plaintiffs gloss over the significance of the fact that "the mortgage company insisted on escrowing the funds and having a say in the repair of the property. In sum, the [Plaintiffs] cannot spend any part of the $36,563.77 unless the mortgage company releases the

funds."

Apparently some access to the structure payment was allowed because a new roof was installed when Plaintiffs' policy was up for renewal and State Farm required roof replacement as a condition of continuing coverage.  The reason it is believed that the funds for this work came from the amount tendered by State Farm on structural damage is because once the roof replacement occurred, there was an "unused balance of the $36,563.77," which was still not sufficient to repair the house according to Plaintiffs' estimates.

It is obvious that the Plaintiffs have health and financial problems.  The issue in this litigation is whether State Farm owes more in policy benefits.  This issue is unrelated to Plaintiffs' financial resources and health condition.  State Farm's motions for partial summary judgment on the Plaintiffs' contract claims for mold and mildew and for contents coverage have merit.

The same conclusion applies to Plaintiffs' demand for punitive damages.  Plaintiffs have not come forward with any substantive evidence of State Farm having acted in a malicious, reckless, or grossly negligent manner that rises to the level of an independent tort.  Instead, there is a difference of opinion over the amount of benefits owed.  Plaintiffs' failure to take steps to prevent the spread of mold, whether through financial inability or health reasons, does not make State Farm culpable for punitive damages.  The Court agrees with State Farm that this is a legitimate pocketbook dispute over the amount owed for storm damage to Plaintiffs' home.

Plaintiffs are entitled to dispute State Farm's decisions, but they can not do so with general accusations having no underlying substantive support.  State Farm's conclusions were reached in a legitimate way and were not the result of bad faith, malice, or gross negligence that would warrant punitive damages.  *See generally Broussard v. State Farm Fire and Casualty Co.*, 2008 WL 921699 (5th Cir. 2008).

Accordingly, **IT IS ORDERED**:

State Farm's [45] Motion for Partial Summary Judgment on the issue of exclusion of coverage for damages resulting from mold and neglect is **GRANTED**;

State Farm's [47] Motion for Partial Summary Judgment as to Plaintiffs' content claims is **GRANTED**;

State Farm's [58] Motion for Partial Summary Judgment on the issue of punitive damages is **GRANTED;**

State Farm's [71] Motion to Strike Plaintiffs' [66] Response in Opposition to the [45] Motion for Partial Summary Judgment is **MOOT**.

**SO ORDERED** this the 7th day of October, 2008.

                                                                                       s/ <u>L. T. Senter, Jr.</u>
                                                                                       L. T. SENTER, JR.
                                                                                       SENIOR JUDGE