**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DAVID AND SHERYL BOSTWICK**                                                 **PLAINTIFFS**

**VS.**                                                                  **CIVIL ACTION NO. 1:07cv942-LTS-RHW**

**STATE FARM FIRE AND
CASUALTY COMPANY**                                                                   **DEFENDANT**

## REPORT AND RECOMMENDATION

This case came on for hearing on March 24, 2009, on [88] motion for disbursement of attorneys fees, supplemented by [93] motion for disbursement of attorney's expenses, from funds paid into the registry of the court by State Farm Fire and Casualty Company pursuant to the settlement of Plaintiffs' Hurricane Katrina insurance property damage claims. The Plaintiffs and their attorney George W. Healy, IV, appeared for the hearing. By correspondence dated March 20, 2009, and emailed to the chambers of the undersigned, John C. Morris, III, counsel of record for Mortgage Electronic Registration Systems, Inc. (MERSI), the mortgage holder as to Plaintiffs' home loan, and Intervenor in this action, advised the Court that MERSI has no objection to "the relief requested by Plaintiffs' counsel," and stated that, with the Court's permission, MERSI counsel would not attend the March 24, 2009 hearing on the motion. See, Exhibit 3 Healy[1].

Facts and Procedural History

This lawsuit was filed July 13, 2007, seeking recovery of homeowner's insurance benefits for damage to Plaintiffs' home by Hurricane Katrina. Pursuant to the contract entered into on

---

[1]Exhibits referenced are those received into evidence at the 3/24/2009 hearing.

1

June 17, 2007, Plaintiffs were represented by George W. Healy, IV & Associates. See, Exhibit 6 Healy. The Bostwicks agreed that the contract entitled Healy to 40% of settlement proceeds for a settlement accomplished after filing suit.

On October 7, 2008, the District Judge granted summary judgment in favor of State Farm on the issues of exclusion of coverage for damages resulting from mold and punitive damages. See, [83]. The parties subsequently notified the Court that they had settled all remaining claims, resulting in a Judgment of Dismissal entered on October 15, 2008. See, [84]. The Plaintiffs executed a release of all claims on October 16, 2008, for $35,000.00. See, Exhibit 2 Healy. The Bostwicks agreed that they signed the release agreement.

On November 14, 2008, Plaintiffs' counsel filed a motion to deposit funds into the Court registry. See, [85] and Exhibit 1 Bostwick. Paragraph 4 of this motion alleges that Plaintiffs refused to sign the settlement statement regarding Mr. Healy's representation, or to endorse the settlement check, and Paragraph 5 asserts the mortgage holder likewise refused to endorse the check or to "issue a letter guaranteeing payment of [Healy's] attorney's fees." Following a telephonic hearing on this motion, the Court entered an order granting the motion to deposit the funds into the registry of the Court. See, [86] and Exhibit 4 Healy. On December 11, 2008, State Farm deposited the $35,000.00 settlement funds into the Court registry. See, [87] and Exhibit 5 Healy.

Counsel for Plaintiffs filed [88] motion for disbursement of funds on January 14, 2009, requesting disbursement of the fee owed pursuant to the contingency fee contract. The District Judge referred the matter to the undersigned for hearing. On March 12, 2009, the Court issued notice of hearing on the first motion for disbursement of funds for March 24, 2009. On the day

of the hearing, Counsel filed [93] a motion requesting an additional disbursement of $6047.81 in costs incurred in representing Plaintiffs as provided by the contract. See, Exhibit 1 Healy.

At the hearing on the motion to disburse funds, the Court heard testimony from the Plaintiffs David and Sheryl Bostwick, from George Healy, IV, Healy's paralegal Emma Gonzalez and his associate Cassidy Anderson. From the testimony and the exhibits received into evidence, the Court finds it undisputed that the Plaintiffs entered into the contract with Healy, and that they freely and voluntarily executed the release of their claims. Mrs. Bostwick's testimony that she was coerced into signing the release was fully refuted by the testimony of Emma Gonzalez, and the Court finds no credible evidence of any coercion. The Court further finds that, pursuant to Paragraph III of the contingency fee contract with the Bostwicks (Exhibit 6 Healy), Healy is owed attorney's fees in the amount of $14,000.00 (40% of the total settlement proceeds of $35,000.00). In addition to this amount, pursuant to Healy's testimony as to incidental expenses and his itemization of expenses advanced to the Plaintiffs (Exhibit 7 Healy), the Court finds that Healy is owed a total of $6,047.83 in costs and expenses as provided by Paragraph V of the contingency fee contract. Although Mrs. Bostwick testified she thought Healy was to pay the expenses, the contract clearly states that such expenses would be paid out of Plaintiffs' share of any recovery.

## RECOMMENDATION

In light of the evidence adduced at the hearing, the undersigned recommends that the motions for disbursement of funds [88], supplemented by [93], be granted, and that the Court order the Clerk to disburse from the funds held in the Court registry, the sum of $20,047.81

3

(twenty thousand forty-seven dollars and eighty-one cents) to George Healy, IV & Associates as full and final payment of attorney's fees, costs and expenses in this action.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who objects to this Recommendation must, within ten (10) days after being served a copy of the Recommendation, serve and file with the Clerk of Court his written objections to the Recommendation, with a copy to the District Judge, the U.S. Magistrate Judge and the opposing party. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. A party's failure to file objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a *de novo* determination by the District Court. A party who fails to file written objections to the proposed findings, conclusions and Recommendation within ten (10) days after being served with a copy, shall be barred, except upon the grounds of plain error, from attacking on appeal any proposed factual finding and legal conclusion accepted by the District Court to which the party did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 30th day of March, 2009.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE