UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


DAVID BOSTWICK AND SHERYL BOSTWICK                                    PLAINTIFFS

V.                                                        CIVIL ACTION NO. 1:07cv942-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                               DEFENDANT

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.            INTERVENOR


**ORDER**

The Court has before it the [95] Report and Recommendation of the United States
Magistrate Judge.  A copy of the Report and Recommendation was mailed on March 30, 2009,
via certified mail/return receipt requested, to Plaintiffs' residence.  An Acknowledgment of
Receipt, showing March 31 as the date of delivery, was entered on the docket [99] by the Clerk
of Court's office.  The time for filing objections to the Report and Recommendation has now
elapsed, with none being submitted.

Following the apparent conclusion [84] of this cause of action by settlement, Plaintiffs'
counsel filed a [88] Motion to Distribute Attorney's Fees from Settlement Funds and a [93]
Motion to Distribute Costs from Settlement Funds.  *See* [86] Order granting [85] Motion to
Deposit Funds, with payment of funds being made to the Court's registry on December 11, 2008.
These matters were referred to the United States Magistrate Judge, who held a hearing on March
24, 2009.  After receiving testimony and evidence at this hearing, the Magistrate issued the [95]
Report and Recommendation, offering his opinion that the [88] [93] motions should be granted
and that the funds on deposit in the Court's registry be disbursed as follows: from the settlement
amount of $35,000.00, $20,047.81 will go to Plaintiffs' counsel in satisfaction of fees and
expenses (the remaining sum is discussed below).

After an independent review of the record, I find that the proposed findings of fact are
accurate, that the recommendation of the United States Magistrate Judge is sound, and that both
will be accepted.  The Court also notes Plaintiffs' failure to file objections to the Report and
Recommendation.

Unfortunately, that is not the end of this matter.  On April 1, 2009, Mortgage Electronic
Registration Systems, Inc. (MERS) filed a [96] Motion for Leave to Intervene.  MERS is the
beneficiary on the deed of trust executed by Plaintiffs.  By virtue of this deed of trust, MERS
claims an interest in any insurance proceeds (and, therefore, settlement funds) received by
Plaintiffs as a result of covered losses to the encumbered property.  Prior to the hearing held by
the Magistrate on the disbursement motions, MERS's counsel informed the Court that it had no

objection to the relief sought, and was excused from attending the hearing.  However, it appears from the [85] Motion to Deposit Funds that the mortgage holder originally refused to endorse the settlement check or to guarantee the payment of Plaintiffs' counsel's fees from these funds.

An [100] Answer to the Complaint for Intervention has been filed on Plaintiffs' behalf (by their counsel with whom they had the fee/expense dispute).  It is obviously necessary for the Magistrate to conduct another hearing with respect to resolving the issues associated with the intervention.

Accordingly, **IT IS ORDERED**:

The [95] Report and Recommendation of the United States Magistrate Judge is hereby **ADOPTED** as the Court's findings of fact and conclusions of law;

This matter is hereby **REFERRED** to the United States Magistrate Judge, who is authorized to conduct further proceedings as to the Complaint for Intervention, and make a Report and Recommendation with respect thereto;

Under no circumstances shall the Plaintiffs incur any fees, costs, or expenses connected in any way with the Complaint for Intervention, or in any other regard;

All funds shall remain in the Court's registry until final disposition of this matter.

**SO ORDERED** this the 20th day of April, 2009.


s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE